# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| ROBERT KISSINGER, * | |
| * | No. 17-1063V |
| Petitioner, * | Special Master Christian J. Moran |
| * | |
| v. * | Filed: October 13, 2021 |
| * | |
| SECRETARY OF HEALTH * | Attorneys' Fees and Costs; reasonable |
| AND HUMAN SERVICES, * | number of hours for expert's report |
| * | |
| Respondent. * | |

* * * * * * * * * * * * * * * * * * * * *

Lawrence S. Paikoff, Law Offices of Lawrence S. Paikoff, M.D., J.D., Davis, CA, for Petitioner;
Colleen C. Hartley, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 30, 2020, petitioner Robert Kissinger moved for final attorneys' fees and costs. He is awarded **$89,283.74.**

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On August 4, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the tetanus-diphtheria-acellular pertussis vaccination he received on April 5, 2016, caused him to Guillain-Barré syndrome. Petition at 1. The parties submitted expert reports, with petitioner retaining Dr. Nizar Souayah and respondent retaining Dr. Peter Donofrio.  The parties deposed a treating doctor.  Thereafter, the parties engaged in settlement talks and on October 28, 2020, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on October 29, 2020. 2020 WL 6940012 (Fed. Cl. Spec. Mstr. Oct. 29, 2020).

On December 30, 2020, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $63,094.90 and attorneys' costs of $34,188.84 for a total request of $97,283.74. Fees App. at 8. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Id. Ex. 6. On December 31, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply thereafter.

\*     \*     \*

In this case, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1).

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are

2

required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.     Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work during this period was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of his counsel, Mr. Lawrence Paikoff: $358.00 per hour for work performed in 2017, $370.00 per hour for work performed in 2018, $378.00 per hour for work performed in 2019, and $394.00 per hour for work performed in 2020. This is Mr. Paikoff's second Vaccine Program case, with the first being completed in 2000 when the parties would customarily stipulate to an award of attorneys' fees and costs. Thus, whether the requested rates are reasonable for Mr. Paikoff require further discussion. The undersigned has previously determined that attorneys who practice in Davis, California are entitled to receive forum rates for their Vaccine Program work. Miltenberger v. Sec'y of Health & Human Servs., No. 17-1491V, 2019 WL 7557794, at *4 (Fed. Cl. Spec. Mstr. Dec. 19, 2019).

Mr. Paikoff has been licensed to practice law since 1997, giving him approximately 20 years of legal experience when he began work on this case in 2017 and placing him in the range of attorneys with 20-30 years of experience on the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedules.[2] The rates requested for Mr. Paikoff represent the lowest rate in this experience range for each year and upon review, the undersigned finds the hourly rates requested to be reasonable for Mr. Paikoff's work and shall award them herein.

---

[2] The fee schedules are available at: http://www.uscfc.uscourts.gov/node/2914.

B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds most time billed to be reasonable. The timesheet entries are sufficiently detailed such that the undersigned can assess their reasonableness. However, the undersigned notes that Mr. Paikoff billed attorney rates on both paralegal tasks such as preparing documents to be filed, and on clerical tasks such as filing those documents. There are also some billing entries which appear to stem from Mr. Paikoff's overall inexperience with the Vaccine Program and more generally the Court of Federal Claims, such as reaching out to various Court personnel which the undersigned would not expect from a more seasoned Vaccine Program practitioner. These issues are relatively minor however, and a reasonable reduction for them is $1,000.00. Petitioner is therefore awarded final attorneys' fees of $62,094.90.

C.  Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $34,188.84 in costs. Most of this amount is for work performed by Dr. Nizar Souayah. The remainder is comprised of the Court's filing fee, postage, and costs associated with the deposition of Dr. Mohsin Kamal Ansari (travel costs, payment for Dr. Ansari's time, and a transcript of the deposition). Fees App. Ex. 5 at 2.

Petitioner requests a total of $32,000.00 for the work of Dr. Souayah, representing 64 hours billed at $500.00 per hour. Id. at 3. The undersigned has previously found $500.00 to be a reasonable rate for Dr. Souayah's work in the Vaccine Program. See Gowans v. Sec'y of Health & Human Servs., No. 14-440V, 2017 WL 1842824, at *5 (Fed. Cl. Spec. Mstr. Apr. 12, 2017).

However, the hours billed require reduction. In the undersigned's experience, 64 hours is a large amount of hours billed for an expert who is experienced in the Vaccine Program to produce the work product that was ultimately submitted. Additionally, time was billed because the undersigned noted

4

that Dr. Souayah's initial report was not detailed enough with regard to specific citations to the medical records and the diagnostic criteria. Order, filed on February 22, 2019.

Further complicating the undersigned's task of determining the reasonableness of Dr. Souayah's hours billed is his vague billing.  See Abbott v. Sec'y of Health & Human Servs., 150 Fed. Cl. 421 (2020) (special master did not abuse his discretion in reducing expert's number of hours by 10% due to poorly explained activities); Lewis v. Sec'y of Health & Human Servs., 149 Fed. Cl. 308 (2020) (special master was not arbitrary in reducing number of expert's hours due to vagueness in invoices).  Although he billed for reviewing the records with reasonable specificity, all of the time billed for actually writing the report is merely billed as "Writing the report" without any further indication as to what portion of the report was being written. In the undersigned's Order Regarding Expert Reports, it was noted that: "The expert should list separate tasks separately. A rule of thumb is that every half hour should have a separate task, differentiated from other tasks." Order, Filed on October 16, 2018. When reviewing the records, Dr. Souayah indicated specifically which records he was reviewing – thus, although it was not broken down further, the undersigned is aware of the length and general substance of these exhibits and can determine a reasonable amount of time for their review. The same cannot be said for writing the report. This is especially key with an expert like Dr. Souayah, who has authored several expert reports for petitioners linking their vaccination to GBS. Greater specificity would alleviate any concerns about having portions of an older report cut and pasted and presented as a new report. Ultimately, for these reasons, the undersigned finds that a reasonable award for Dr. Souayah's work in the instant case is $25,000.00.

Petitioner also requests a total of $1,125.00 for the work of Dr. Ansari, petitioner's treating neurologist, to testify at the deposition.  Respondent did not interpose any objection to this request.  This amount represents 2.5 hours billed at $450.00 per hour. The undersigned has previously determined that $450.00 is within the reasonable range for the work of a neurologist in the Vaccine Program, and there is no doubt that Dr. Ansari's testimony played a crucial role in providing evidence to support a diagnosis of GBS for petitioner and ultimately helping petitioner obtain compensation. The deposition transcript also confirms 2.5 hours of testimony from Dr. Ansari. See Petitioner's Exhibit 51-1. Accordingly, these costs are reasonable and shall be reimbursed.

    D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$89,283.74** (representing $62,094.90 in attorneys' fees and $27,188.84 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and his attorney, Mr. Lawrence Paikoff.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

      **IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.